DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MEREDITH B. OSBORN (CABN 250467)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6774
    FAX: (415) 436-7231
    meredith.osborn@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO. CR 19-00060 WHO** |
|---|---|---|
| Plaintiff, | ) ) ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | ) ) | Sentencing Date: September 12, 2019 |
| EID ABDELWAHHAB, | ) | Time: 1:30 p.m. |
| Defendant. | ) ) ) | |

**INTRODUCTION**

The government submits this memorandum in advance of the sentencing hearing for defendant Eid Abdelwahhab ("the defendant"). The defendant was charged with one count of possession of an unregistered firearm in violation 26 U.S.C. § 5861(d), and one count of possession of a machinegun in violation of 18 U.S.C. § 922(o). The parties entered into a plea agreement under which the defendant pleaded guilty to both counts in the indictment. ECF No. 17. Under the terms of the plea agreement, the parties have agreed that defendant's total offense level is 15. *Id.* Because the defendant is criminal history category I, the applicable advisory Guidelines range is 18 to 24 months of imprisonment. As discussed further below, the seriousness of the offense, the need to protect the public, and to afford

USA SENTENCING MEMO
CR 19-00060 WHO
    1

adequate deterrence weigh in favor of a sentence squarely in the middle of that range. The government asks the Court to adopt the Probation Officer's recommendation of 21 months of imprisonment.

## FACTUAL AND LEGAL BACKGROUND

### A. Defendant's Conduct

The government agrees that defendant's offense conduct is as described in the Presentence Report and the Plea Agreement. Presentence Report ("PSR") ¶¶ 6-9.

### B. Defendant's Criminal History

The government agrees with the criminal history category set forth in the Presentence Report. PSR ¶ 28. Specifically, defendant has a criminal history score of 0, and is therefore criminal history category I.

### C. Statutory Penalty Range

The government agrees with the statutory penalties as set forth in the Presentence Report. PSR ¶ 50. The maximum penalties for each count, 26 U.S.C. § 5861(d) (possession of an unregistered firearm) and 18 U.S.C. § 922(0) (possession of a machinegun), are a maximum term of ten years of imprisonment and three years of supervised release. The Court may order the sentences on each count to be served consecutively.

### D. Guidelines Range

The government agrees with the Sentencing Guidelines calculation as described in the Presentence Report. PSR ¶ 51. Specifically, the government agrees that the total offense level is 15 and defendant's criminal history category is I, yielding an applicable Guidelines imprisonment range of 18 to 24 months of imprisonment. *Id.* The government also agrees that the applicable Guidelines range for supervised release is one to three years. PSR ¶ 54.

## SENTENCING RECOMMENDATION

### A. Imprisonment

The government respectfully requests that the Court impose a mid-range Guidelines sentence in this case. The government submits that nothing about defendant's history, characteristics, or offense conduct takes this case "outside the heartland" of the Guidelines range justified by his criminal history and total offense level. *United States v. Kimbrough*, 552 U.S. 85, 109 (2007). Although a sentencing

judge may vary from the Guidelines when she "finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply . . .closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case." *Id.*

Here, defendant's background and upbringing are remarkable for being unremarkable. Compared to many defendants that appear before this Court, this defendant has had all the advantages that a strong family and faith could provide. Despite the support of his family, defendant nonetheless sold a fully-automatic handgun to an undercover agent. As additional relevant conduct, the defendant also sold an undercover a significant quantity of drugs (200 pills), which were originally presumed to be ecstasy, but field-tested positive for the presence of fentanyl.

Defendant's arrests for violent crimes as described in the Presentence Report also suggest that defendant poses a risk to the public that is greater than his total offense level and criminal history category reflects. Defendant's involvement in two physical altercations serious enough to warrant police intervention should be considered as part of his history and characteristics, and weighs in favor of a mid-range Guidelines sentence, rather than a significant downward variance. That defendant was also dealing a highly-dangerous drug like fentanyl is another factor this Court should consider when arriving at the appropriate sentence for the defendant. Taken together, these facts suggest that a mid-range sentence is appropriate to afford adequate deterrence to the defendant, to protect the public, and to provide just punishment for the offense.

### A.  Supervised Release

The government respectfully requests that the Court sentence the defendant to a term of three years of supervised release. The government agrees that the Probation Office's recommendation is warranted given defendant's offense conduct and his history of substance abuse and drug sales.

The government also respectfully requests that the Court impose a suspicionless search condition as part of the sentence, as agreed to in the plea agreement. The offense conduct amply demonstrates the need for this condition upon defendant's release.

### B.  Forfeiture

The government respectfully requests that the Court enter an order of forfeiture of the firearm

listed in the indictment – namely, one Glock-style firearm with a fully automatic back plate installed and an extended magazine.

**CONCLUSION**

Under the applicable provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a) as applied to this defendant and this criminal conduct, the government requests that the Court impose a mid-range Guidelines sentence of 21 months of imprisonment and three years of supervised release. The government also requests that the Court impose the special condition of supervised release authorizing the suspicionless search of defendant's person, residence, office, vehicle, electronic devices and their data, and any property under defendant's control. Finally, the government requests that the Court order defendant to pay a $200 special assessment.

DATED: September 5, 2019              Respectfully submitted,

                                      DAVID L. ANDERSON
                                      United States Attorney


                                      _____/s/_____
                                      MEREDITH B. OSBORN
                                      Assistant United States Attorney