UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> EID ABDEL WAHHAB, <br> Defendant. | Case No. 19-cr-00060-WHO-1 <br><br> **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** <br><br> Re: Dkt. Nos. 28, 30, 33 |

In April 2020 defendant Eid Abdel Wahhab filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 28. He filed his motion *pro se* and argued that in light of the COVID-19 pandemic and his lack of danger to the community, he should be released. In an Order dated May 1, 2020, I explained to him that I could not grant his motion because: (1) he did not address whether he had sought compassionate release from the Bureau of Prisons to exhaust that process; and (2) he did not demonstrate any "extraordinary and compelling reasons" under to justify compassionate release. Dkt. No. 29 (explaining the extraordinary and compelling reasons under 18 U.S.C. § 3582 as identified in U.S.S.G. § 1B1.13).

After his former counsel was reappointed, Mr. Wahhab filed a renewed motion for compassionate release. Dkt. No. 33.[1] In the renewed motion, Wahhab describes his efforts to seek compassionate release from the Bureau of Prisons directly, resolving the first issue identified above. Dkt. No. 33. As to the second, Mr. Wahhab admits he does not meet any of the first four compelling justification criteria I identified in my prior Order. Dkt. No. 29. He admits he "does not suffer from a serious or terminal illness," is only 27 years old, and has served approximately

---

[1] Prior to the reappointment of his former counsel, Mr. Wahhab filed a response to my May 1, 2020 Order explaining the steps he took to seek compassionate release from the Bureau of Prisons and reiterating the prior grounds for compassionate release in light of the COVID-19 pandemic. Dkt. No. 30.

33% of his sentence. *Id*. at 1.  He admits that there are "no circumstances for him to care for a minor child or spouse."

The relief Mr. Wahab seeks is based solely on the fifth "catch-all" criteria.  He contends that "the COVID-19 pandemic is a compelling reason for his release to home confinement." *Id*. Mr. Wahhab assert that he is at "high risk" due to the "open dormitory" housing and the "extraordinarily high number of positive cases at FCI Lompoc." *Id*. at 2.  The conditions of confinement at FCI Lompoc with respect to COVID-19 are the basis of a class action filed in May in the Central District of California.  *Torres et al. v. Milusnic, et al*., Central District of California, Case No. 20-cv-4450-CBM-PVC.

Mr. Wahhab's motion for a reduction in sentence or compassionate release to home confinement is DENIED.  I do not doubt the validity of Mr. Wahab's concerns, but the same argument applies to any inmate at FCI Lompoc.  If there was a basis to grant relief, it should be applied wholesale after development of a good record in a civil rights action, not in a motion for compassionate release.  Consideration of relief on a motion for compassionate release looks not at the generalized impacts on the movant and others but to the specific effects on him that, in combination, make his circumstances extraordinary and compelling.  He has not made such a showing.  Without it, I cannot grant his motion.

**IT IS SO ORDERED.**

Dated: June 23, 2020



William H. Orrick
United States District Judge